## Emma A. Leach v. Alexander L. Leach.

### Gen. No. 4,554.

1.  DECREE OF DIVORCE--*when cannot be set aside.* A decree of di-vorce cannot be set aside on a mere petition after the lapse of thirteen years and after a bill of review filed by the petitioner to impeach the same has been decided against him.

2.  DECREE OF DIVORCE—*when provisions of, for the benefit of the wife, should not be disturbed.* The provisions of a decree granting meager aid to the wife who obtained the divorce for the fault of her husband, should not be disturbed after the lapse of many years upon slim evidence as to alleged misconduct of such wife, alleged to have taken place many years prior thereto.

Petition to amend decree of divorce. Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding.

Leach v. Leach.

Heard in this court at the April term, 1905. Reversed and remanded with directions. Opinion filed August 1, 1905.

W. C. Graves and Stephen R. Moore, for appellant.

C. C. & L. F. Strawn, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

On October 1, 1891, Emma A. Leach, of Dwight, filed a bill against her husband, Alexander L. Leach, which originally seems to have been for separate maintenance, but was afterwards amended to pray for a divorce. The bill charged cruelty, brutal conduct, violent threats, the application to complainant of vile, offensive and indecent names, and the use of foul language in the presence of their children; and also an attempt to poison complainant by means of arsenic put into her food for that purpose. It stated that the children were five girls, the oldest then twenty years of age and the youngest seventeen months. There was an answer, and a cross-bill charging Mrs. Leach with adultery, an answer thereto denying the charge, a hearing, and a decree on January 15, 1892, dismissing the cross-bill and finding for complainant, except as to the charge of an attempt to poison her, and granting the wife a divorce. The pleadings and a previous order showed that defendant had about $1,020 in money which had been placed in the hands of the master in chancery, and that he had a homestead in Dwight, where his wife was then living with their children. The decree provided that Mrs. Leach should have " the use of the homestead property where she now lives, in Dwight, in Livingston county, as her alimony until further ordered by the court, to live therein and maintain the infant children of said parties, and educate them." The decree required her to keep the premises in ordinary repair, pay all taxes thereon and keep them insured for a reasonable amount, loss payable to the defendant. The decree awarded complainant the custody of the minor children, and required her to keep them in school while they were of an age to be kept in school, and to clothe and maintain them in a suitable manner till further ordered by the court.

The master was ordered to pay the costs, and a fee of $150 to complainant's solicitor, and to pay the rest of the $1,020 to defendant. Over nine years thereafter, on March 7, 1901, Leach filed a motion or petition asking to have the decree of divorce vacated and to be awarded the possession of the homestead and the custody of the minor children; the principal ground of attack upon the decree being the alleged insufficiency of the allegations of the bill (other than the charge of an attempt to poison the complainant) to support a decree of divorce. In the absence of Mrs. Leach that motion was heard and granted to the extent of ordering that Leach be restored to the possession of the premises. On April 22, 1901, Mrs. Leach made a motion to vacate said order, and upon a hearing and a showing that she had not been notified of the application, the order modifying the decree was vacated, and upon a hearing of the motion it was decreed that she be restored to the possession of the homestead premises in said order described as fully as the same were enjoyed by her under the original decree of divorce, until the further order of the court. Leach then moved to have his former motion to vacate the decree treated as a bill of review. This motion was denied. The record before us shows that on June 1, 1901, Leach filed a bill to review the proceedings in said divorce case; that a demurrer thereto was sustained; and that on July 8, 1901, by leave of court, he filed an amended bill of review, portions of which are contained in the record before us, and the rest of which Leach, the appellee here, has embodied in an additional abstract, without supplying the omitted portions of the record. To this amended bill of review Mrs. Leach filed a special demurrer, setting up that its allegations were insufficient to authorize any relief; that it showed laches; that the relief was barred by the Statute of Limitations; that the record sought to be reviewed was not sufficiently set out, etc. This demurrer was sustained. Leach was granted an appeal, which seems not to have been prosecuted.

On December 24, 1904, Mrs. Leach filed a petition setting

Leach v. Leach.

up the fact of said decree of divorce and of the award of the homestead to her, and of the direction that she should keep the homestead insured in the name of Leach, and that she had obeyed the decree; that the premises had been injured by fire, and the loss adjusted, and that she needed the insurance money with which to repair the damage done, by the fire, but that Leach claimed the money. She asked that he be restrained from receiving it, and that the court direct a special master to receive it and make the repairs therewith. Leach answered the petition, assailing the validity of the decree of divorce on the same grounds on which he had already attacked it, and also charging that Mrs. Leach had forfeited her right to the homestead by removing therefrom with the children, and also by misconduct. He claimed the insurance money. He filed a cross-petition in which he went over the same ground, and prayed that the decree of divorce be declared void, and that Mrs. Leach be decreed to have forfeited the custody of the children and the possession of the premises; and he asked that he be restored to the possession of the homestead and of the child still under age. This was answered and proofs were heard. On February 18, 1905, there was a decree determining the issues in favor of Mrs. Leach as to the validity of the divorce and the custody of the child still a minor, but decreeing that Mrs. Leach had received all the alimony and dower to which she was entitled, and restoring Leach to the possession of the homestead free of all alimony, dower, use or possession of Mrs. Leach, and directing that Mrs. Leach out of the insurance money be repaid the premiums she had paid, after first deducting therefrom the costs of the proceeding, and that the rest of the insurance money be paid to Leach. This is an appeal by Mrs. Leach from that decree. Leach has assigned cross-errors, the important assignments being that the court erred in not declaring the decree of divorce void and that Mrs. Leach had forfeited the custody of the minor children, and in not granting all the relief asked by the cross-petition.

The court below properly refused to disturb the decree

of divorce. Leach had already assailed it by motion and by bill of review, and was barred by his defeat thereunder. The decree could not be set aside on mere petition. The court had jurisdiction of the subject-matter of the divorce and of the parties in 1892, and defendant did not appeal from that decree, and any lack of full allegation of the causes of divorce in the bill could not be reached thirteen years later in the manner here sought, after a writ of error was barred. The court also properly refused to take from Mrs. Leach the custody of the child still a minor. The testimony of the father sufficiently shows him to be unfit to have her custody, while the proof hereinafter more fully stated shows the mother has performed exceedingly well the duties imposed upon her by the decree.

So far as the decree is against Mrs. Leach, we are of opinion it ought not to be sustained. If we assume that under the language of the decree of divorce the possession of the homestead was left entirely in the control of the court during the future life of the complainant, in the exercise of a sound judicial discretion, then we are of opinion that under the facts disclosed by this record it ought not to have been taken from her. Leach was the party for whose misconduct the divorce was granted. He was given a large sum of ready money then on hand. He has paid nothing towards the support of his wife or their children since then. The wife, the injured party, was required to support, maintain, educate and clothe the four children, all daughters, who were still minors; and to do this she was only given the bare use and possession of a small house which subsequently rented for only $6 per month. It seems there was also a piece of real estate in Missouri not touched by this decree, the title to which stood in the wife, and from which, after paying taxes, she has received a small sum each year. The husband has sought by litigation in that State to take this from her, but the facts in regard to that matter are not pleaded nor are the details proven, and the slight reference thereto in the proof has no bearing upon the decision of this cause. Mrs. Leach

Leach v. Leach.

occupied the homestead for several years, and took in boarders to gain the means wherewith to support her family. She found herself unable to do this at Dwight, and that as the children became old enough to take employment there was no opening for them at Dwight. She rented the homestead and moved her family to Kankakee, using the rental received from the premises in Dwight to pay the rent of rooms or a home in Kankakee. She caused her daughters to attend the high school there, and also a business college, and then found them various positions where they were able to help support the family. She herself also engaged in the business of soliciting memberships for benefit societies, by which she earned some money. The oldest daughter became and has remained a confirmed invalid, and complainant has to support her. The youngest daughter is about fifteen years of age, and has just entered the high school, and is earning nothing. In the summer time, during vacations, Mrs. Leach has taken her children to a farm near Custer Park, in Will county; has done the housework there for a compensation; has, with her children, tilled a piece of ground there and raised pop corn and other things for sale; and in this manner each summer has given her family an outing and yet earned something for their support. This farm belongs to two old men who have never been married. They have a sister and a sister's child, some forty years old, who have been there some of the times when Mrs. Leach and her family have spent the summer there, and at other times have been absent. On a visit to the neighborhood in 1896, Leach succeeded in finding some gossip to the effect that some old people in the neighborhood said they did not know who was the father of this niece unless it was one of these old bachelors. Based upon this hearsay evidence, which, if it had any foundation, related to an occurrence forty years ago, Leach in his pleadings accuses Mrs. Leach of misconduct and scandal. The charge has no foundation in the evidence. There is no proof to justify the charge that these old men are in any way unfit for association with herself and her children, or that she has

been guilty of any impropriety with them. All the evidence shows Mrs. Leach a hard-working woman who has kept her family together, has educated them and taught them how to support themselves. By the aid of the earnings of the girls who are of age and able to work, she has saved up a little and bought a lot in Zion City and erected thereon a small dwelling house on credit, and receives therefrom a monthly rental of $8, which rent is being applied to pay for the house. She does not, however, own the title, but holds the property on a lease from Dowie, or his association, for 1100 years. The case, then, is that the party for whose wrong the divorce was granted was allowed to take about $800 in money and the title to the home subject to the wife's use, and has had nobody to care for but himself for thirteen years, while the innocent and injured party was given only the use of the little home worth $6 per month, and was required to care for and support a family of five, and has done so by much industrious hard work, and now with the oldest child a serious invalid, and the youngest child just beginning a high school course and still a minor, the court below has stripped the wife of even the use of this homestead. The removal to Kankakee was for the benefit of the children, and was required by circumstances which developed as the children grew older, and that removal did not justify the court in stripping the wife of the meager allowance made her in the original decree. We are of opinion the court should not have disturbed the original decree as to alimony, but should have required the insurance money to be used for the repair of the injury done by the fire.

The decree of February 16, 1905, is therefore reversed, and the cause is remanded to the court below with directions to dismiss the cross-petition for want of equity, and to direct the master to receive the insurance money and to expend it in the repair of the premises under the direction of the court, and to adjudge the costs in the court below against Alexander L. Leach.

*Reversed and remanded with directions.*